# In the United States Court of Federal Claims

No. 08-888C
(Filed: November 21, 2011)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MICHAEL ADAMOWICZ and ELIZABETH FRASER, as Executors of the ESTATE OF MARY ADAMOWICZ, deceased, and MICHAEL ADAMOWICZ, individually, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Taxes; discharge of lien for taxes on estate property; authority to bind government to agreement to discharge lien |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Frederick M. Sembler*, The Law Office of Frederick M. Sembler, PLLC, New York, NY, for plaintiffs.

*Jeffrey D. Klingman*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, for defendant.  *Donald A. Glasel*, Office of Division Counsel, United States Internal Revenue Service, Westbury, NY, of counsel.

## OPINION

MARGOLIS, *Senior Judge*.

      This matter comes before the Court on defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, filed March 28, 2011, and plaintiffs' Cross-Motion Under Rule 56(f), filed May 27, 2011.  Because no Internal Revenue Service ("IRS") personnel have actual authority to enter binding agreements with taxpayers to discharge a lien on estate property pursuant to 26 U.S.C. § 6325(c), there are no genuine issues of material fact, and defendant's Motion for Summary Judgment is granted, and plaintiffs' Cross-Motion Under Rule 56(f) is denied.

1

## I. BACKGROUND

Plaintiffs are executors of the estate of Mary Adamowicz, who died in March 2002. About May 29, 2003, plaintiffs filed a Form 706 tax return for the estate. In that return, plaintiffs made an election under 26 U.S.C. § 6166 to defer payment of the estate's taxes in connection with certain assets of the estate, including an interest in real property located in Peconic, New York ("the Peconic Property"). About January 2004, plaintiffs received notification that the IRS selected the estate's return for examination. Susan Leboff, an estate tax attorney in the IRS's estate and gift ("E&G") group in New York, NY, conducted the examination. Patrick T. Leahy, Group Manager of the E&G group, was Leboff's supervisor at the time.

About March 2004, plaintiffs entered a contract with a third party for the sale of the Peconic Property. However, at the time of Mary Adamowicz's death, the IRS pursuant to 26 U.S.C. § 6324(a) automatically imposed a lien for unpaid estate taxes on all the assets of the estate. About April 9, 2004, plaintiffs applied to the IRS under 26 U.S.C. § 6325(c) for a certificate of discharge of the lien on the Peconic Property. Plaintiffs allege that Leboff then informed plaintiffs' counsel that the Peconic Certificate of Discharge Application would be granted if plaintiffs paid to the Service, at or before the closing of the sale of the Peconic Property, estate taxes equal to the proportionate part of the estate taxes attributable to the Peconic Property. Plaintiffs also allege that Leboff conveyed this commitment with the approval of the Service's Northeast Territory Manager, one or more Officers in the Service's National Office, and one or more Officers in the Service's Office of Chief Counsel. Plaintiffs claim that they agreed to pay the proportionate part of the estate taxes attributable to the Peconic Property in return for the Service's agreement to grant the Peconic Certificate of Discharge Application. Plaintiffs allege that these events created a contract. Nonetheless, plaintiffs claim the Service refused to grant the Peconic Certificate of Discharge Application. Plaintiffs filed a one-count complaint for breach of contract against the United States.

## II. STANDARD FOR SUMMARY JUDGMENT

"A motion for summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(c)(1). "[O]nce the moving party comes forward with evidence satisfying its initial burden on a motion for summary judgment, the party opposing the motion must present evidence creating a genuine issue of material fact." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). "If no rational trier of fact could find for the non-moving party, a genuine issue of material fact does not exist and the motion for summary judgment may be granted." *Marriott International Resorts, L.P. v. United States*, 586 F.3d 962, 968 (Fed. Cir. 2009). The court must "draw[ ] all reasonable inferences in favor of the nonmovant." *American Calcar v. American Honda Motor Co.*, Nos. 2009–1503, 2009–1567, 2011 WL 2519503, at *11 (Fed. Cir. June 27, 2011).

III. ANALYSIS

A.      26 U.S.C. § 7432 – Civil Damages for Failure to Release a Lien

Defendant argues that 26 U.S.C. § 7432 preempts this Court's jurisdiction over plaintiffs' claim because § 7432 provides the exclusive remedy for recovering damages resulting from the IRS's decision not to release a lien. Plaintiffs argue that § 7432 does not apply because "[p]laintiffs did not request that the Service 'release' the lien on the Peconic Property as that term is used in … [section] 7432… ." (Pls.' Opp. at 8.)

Section 7432(a) states that a taxpayer may bring a civil action against the United States for damages from the IRS's failure "to release a lien under section 6325... in a district court of the United States." Thus, United States District Courts have "exclusive jurisdiction" over such claims. *Brown v. United States*, 36 Fed. Cl. 290, 298 (1996), *aff'd*, 217 F.3d 858 (Fed. Cir. 1999). However, plaintiffs do not seek damages for the IRS's failure to release a tax lien, but for breach of an agreement to issue a certificate of discharge. There is a "fundamental legal distinction between the 'release' of a federal tax lien provided for by. . .§ 6325(a) and the 'discharge' of property from the tax lien provided for by. . .§ 6325(b)." INTERNAL REVENUE MANUAL § 5.17.2.8.3(1). Release of a tax lien "extinguishes the federal tax lien itself," and requires full satisfaction of the entire underlying tax liability or unenforceability of the lien. *Id.*; 26 C.F.R. § 301.6325-1(a). A certificate of discharge by contrast, merely "permit[s] the transfer of property free from the lien." 26 C.F.R. § 301.6325-1(c); INTERNAL REVENUE MANUAL § 5.17.2.8.3(1). Thus, § 7432(a) does not require taxpayers to file suits for the IRS's failure to issue a certificate of discharge in District Court. *See Behr v. United States*, Civ. No. 09-502, 2010 WL 1131383, at *17 n.23 (D. Minn. Feb. 8, 2010) (C. Mag. J.), *adopted by* 2010 WL 1131285 (D. Minn. March 19, 2010), *aff'd*, 399 Fed. Appx. 125 (8th Cir. 2010); *Bloom v. United States*, 220 F. Supp. 2d 382, 388 (M.D. Pa. 1999). Defendant essentially conceded this point at oral argument. (*See* Transcript of September 27, 2011 Proceedings ("Transcript") at 14.) Plaintiffs claim breach of contract based on the IRS's failure to issue a certificate of discharge. Thus, this Court has jurisdiction over plaintiffs' claim.

B.      Actual Authority to Contract

Defendant argues that the government employees associated with the alleged agreement lacked actual authority to bind the United States because 26 U.S.C. §§ 7121 and 7122 and their accompanying regulations provide the exclusive means of settling tax disputes with the IRS, and the alleged agreement does not comply with them. Plaintiffs do not claim that the agreement satisfies § 7121 or § 7122 and their regulations, but argue that these authorities do not apply to agreements to issue a certificate of discharge under 26 U.S.C. § 6325(c). Plaintiffs argue further that defendant's own documents show that Leboff, Leahy, and other IRS officers might have had actual authority to approve the agreement and that plaintiffs are entitled to additional discovery.

A government employee can only bind the United States in contract if the employee has actual authority to do so. *Jumah v. United States*, 90 Fed. Cl. 603, 612 (2009), *aff'd* 385 Fed. Appx. 987 (Fed. Cir. 2010). Actual authority may be express or implied. *Id.* "Persons who contract with the government take upon themselves the 'risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority.'" *California Sand and Gravel, Inc. v. United States*, 22 Cl. Ct. 19, 26 (1990) (quoting *Federal Crop Insurance Corporation v. Merrill,* 332 U.S. 380, 384 (1947)), *aff'd* 937 F.2d 624 (Fed. Cir. 1991). If a government employee enters a contract without authority, an employee with actual authority can make the agreement binding by ratifying it. *See Winter v. Cath-dr/Balti Joint Venture*, 497 F.3d 1339, 1346-1347 (Fed. Cir. 2007).

### 1. Express Actual Authority

A government employee only has express actual authority where the Constitution, a statute, or a regulation grants authority in "unambiguous" terms. *Jumah*, 90 Fed. Cl. at 612. Here, plaintiffs cannot show express actual authority because 26 U.S.C. §§ 7121 and 7122 govern and preclude the alleged agreement and because no other statute or regulation creates authority in any IRS employee to agree to discharge property under 26 U.S.C. § 6325(c).

#### a. 26 U.S.C. §§ 7121 and 7122

Together, 26 U.S.C. §§ 7121 and 7122 and their regulations comprise the exclusive framework for the IRS and taxpayers to settle tax liability. *See Botany Worsted Mills v. United States*, 278 U.S. 282, 288-289 (1929) ("We think that Congress intended by [the prior version of § 7122] to prescribe the exclusive method by which tax cases could be compromised… ."); *Klein v. Commissioner*, 899 F.2d 1149, 1152 (11th Cir. 1990) ("The settlement of disputed tax liabilities is governed by 26 U.S.C. §§ 7121 and 7122…[t]he requirements set forth in these statutes and the accompanying regulations are exclusive and strictly construed."); MICHAEL I. SALTZMAN, IRS PRACTICE AND PROCEDURE ¶ 9.09 (2d ed. 2005) ("The Code recognizes only two types of binding agreements between taxpayers and the Service to resolve issues of tax liability: (1) a closing agreement (Section 7121) and (2) a compromise agreement (Section 7122).")

Section 7121 allows the IRS to enter "final and conclusive" closing agreements "relating" to tax liability.[1] Closing agreements "may relate to the total tax liability of the taxpayer or to one

---

[1] Section 7121 provides in full:

> Closing agreements
>
> (a) Authorization. The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

*Continued on next page...*

or more separate items affecting the tax liability of the taxpayer," such as "the amount of gross income, deduction for losses, depreciation, depletion, the year in which an item of income is to be included in gross income, the year in which an item of loss is to be deducted, or the value of property on a specific date." 26 C.F.R. § 301.7121-1(b)(2); *see also* 26 U.S.C. § 7121(b)(1) ("the case shall not be reopened *as to the matters agreed upon*") (emphasis added); *Manko v. Commissioner*, 126 T.C. 195, 202-203 (2006) (a closing agreement relating to specific matters does not conclusively determine the taxpayer's total liability for the periods it covers). To create a valid closing agreement, the taxpayer and the IRS must follow IRS procedures and use the correct IRS forms. *See* 26 C.F.R. § 301.7121-1(d). For example, the taxpayer and the IRS must use Form 906 to create a closing agreement relating to specific matters affecting liability. *Id.* at § 601.202(b); *Manko*, 126 T.C. at 201-202.

Section 7122 allows the IRS to enter "compromises" that "settle the taxpayer's liability for less than the full amount and release the taxpayer from a portion of the tax liability assessed." SALTZMAN, at ¶ 15.07; *see also* INTERNAL REVENUE MANUAL § 5.8.1.1.1.[2] These compromises conclusively settle all liability issues for the periods they cover including total tax liability, penalties, and interest. INTERNAL REVENUE MANUAL § 5.8.1.4.1(1). To create a valid compromise agreement, the taxpayer and the IRS must follow IRS procedures and use the correct IRS forms. 26 C.F.R. § 301.7122-1(d); § 601.203(b).

Plaintiffs argue that this framework does not govern their alleged agreement because their agreement does not settle tax liability. However, the alleged agreement does settle tax liability because it requires plaintiffs to pay the taxes due on the Peconic Property. Plaintiffs allege that "[b]y letter dated May 17, 2004, [they] agreed to pay the proportionate part of the estate taxes deferred under the Estate's Section 6166 Election attributable to the Peconic Property in return

---

> (b) Finality. If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—
>
> (1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and
>
> (2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

[2]   Section 7122(a) provides:

> Authorization. The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.

for the Service's agreement to grant the Peconic certificate of discharge application." (Pls.' Proposed Findings of Uncontroverted Fact ¶ 28.)  The May 17, 2004 letter that they rely on calculates the proportionate taxes due at $310,555 and offers to pay that amount. (Sembler Aff. ¶ 83, Ex. W.)  Nowhere does this letter or the other documents that plaintiffs rely on state that the parties may later renegotiate this amount or that the IRS might refund any of the $310,555 after plaintiffs pay it.  Thus, the alleged agreement is within the general scope of § 7121 and § 7122's exclusive framework and is only binding if it meets that framework's requirements.  Plaintiffs do not claim it does meet the requirements.  Thus, no IRS employee had express actual authority to enter the alleged agreement.

### b.  Other Statutes and Regulations

Even if plaintiffs could prove facts under which their agreement escapes §§ 7121 and 7122, they cite no other statute or regulation that expressly authorizes an agreement to discharge estate property.  Section 6325(c), which authorizes the Secretary to issue a certificate of discharge for estate property, makes no mention of any authority to agree to do so.  That section provides in full:

> Estate or gift tax.  Subject to such regulations as the Secretary may prescribe, the Secretary may issue a certificate of discharge of any or all of the property subject to any lien imposed by [26 U.S.C. § 6324] if the Secretary finds that the liability secured by such lien has been fully satisfied or provided for.

Plaintiffs argue that the words "or provided for" authorize the IRS to agree to discharge estate property because entering such an agreement is one way of providing for the tax liability secured by a § 6324 lien without the taxpayer fully satisfying the liability before the IRS discharges the property. (*See* Transcript at 31.)  However, as plaintiffs state, the words "or provided for" could have many other meanings, for example, that the estate has money in escrow or has assets greatly exceeding the liability. (*See id.*)  Thus, 6325(c) does not expressly authorize any IRS employee to agree to discharge estate property.  The alleged facts from defendant's documents that plaintiffs cite relate to authority to issue a certificate of discharge, not authority to *agree* to do so.  Thus, plaintiffs cannot show express actual authority.

### 2.  Implied Actual Authority

A government employee has implied actual authority where the authority at issue is "an integral part" of that employee's duties. *California Sand and Gravel*, 22 Cl. Ct. at 27.  This criterion is met where the authority is "necessary" or "essential," and the employee could not perform his or her duties without it.  *Leonardo v. United States*, 63 Fed. Cl. 552, 557 (2005), *aff'd*, 163 Fed. Appx. 880 (Fed. Cir. 2006).  This criterion is not met where the statute or regulations expressly preclude the authority.  *See Cruz-Pagan v. United States*, 35 Fed. Cl. 59, 62-63 (1996).  Nor is it met where the agency has reasonable alternatives to creating the implied actual authority in the employee.  *Leonardo*, 63 Fed. Cl. at 558.

6

As discussed above, §§ 7121 and 7122 and their regulations expressly preclude an employee's authority to enter into the alleged agreement. *See Cruz-Pagan*, 35 Fed. Cl. at 62-63. Moreover, the authority to agree to discharge estate property pursuant to 26 U.S.C. § 6325(c) is not "necessary" or "essential" to any IRS employee's duties, and there are reasonable alternatives. *See Leonardo*, 63 Fed. at 557-558. IRS officers can proceed without such agreements by: (1) discharging estate property under an informal agreement, (2) discharging without any agreement at all, or (3) agreeing to the tax liability or items affecting the tax liability and executing a § 7121 or § 7122 agreement that includes the IRS's promise to discharge the property. Thus, the authority to enter the alleged agreement cannot be an integral part of the duties of any IRS employee, and plaintiffs cannot show implied actual authority.

### 3. Ratification

Only a government employee with actual authority can make an otherwise unauthorized agreement binding by ratifying it. *See Winter*, 497 F.3d at 1347. Plaintiffs cannot show that any IRS employee had express or implied actual authority to enter the alleged agreement. Thus, they cannot show ratification.

### C. Plaintiffs' Rule 56(f) Motion

Plaintiffs have filed a cross-motion under RCFC 56(f) requesting an order denying defendant's motion or, in the alternative, ordering a continuance so that they may conduct additional discovery. For the reasons stated above, there are no genuine issues of material fact. Thus, there is no basis for denying defendant's motion and no need for additional discovery by the plaintiffs.

### IV. CONCLUSION

Plaintiffs cannot show that any IRS personnel had actual authority to enter the alleged agreement. Thus, there are no genuine issues of material fact, and defendant is entitled to summary judgment. Defendant's Motion for Summary Judgment is granted, and plaintiffs' Cross-Motion Under Rule 56(f) is denied. The Clerk shall dismiss the complaint. No costs.

s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims